UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYUNG JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEGAN J. BRENNAN,<br><br>　　　　Defendant. | Case No. 18-cv-07569-HSG<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 10 |

On December 17, 2018, Plaintiff Kyung Jones filed a complaint against Defendant Megan J. Brennan, in her official capacity as Postmaster General for the U.S. Postal Service. Dkt. No. 1. Plaintiff, who is representing herself pro se, also filed a motion for appointment of counsel. Dkt. No. 10.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in Section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances." A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate her claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under Section 1915. *See id.* Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.

*See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The decision to request counsel to represent an indigent litigant under Section 1915 is ultimately within "the sound discretion of the trial court." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

It does not appear that Plaintiff in this action is indigent, as she is not proceeding in forma pauperis. In addition, the Court is unable to assess at this time whether exceptional circumstances exist that would warrant seeking volunteer counsel to accept a pro bono appointment, even if Plaintiff were indigent. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Accordingly, the request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: 4/30/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge