UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYUNG SOOK JONES,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br><br>Defendant. | Case No. 18-cv-07569-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE NO. 1**<br><br>Re: Dkt. No. 72 |

In its Motion in Limine No. 1, Defendant seeks exclusion of twenty witnesses who Plaintiff included in her witness list in the Joint Pretrial Statement, but who had not previously been identified in Plaintiff's initial disclosures or interrogatory responses. Dkt. No. 72-1 ("Mot.") at 2-3. For the reasons discussed below, the Court **GRANTS** Defendant's request to exclude eighteen of these witnesses due to Plaintiff's untimely disclosure, and **DENIES AS MOOT** Defendant's request to exclude Lawrence E. LaCroix and Mike Hetticher.

This district's General Order 71 requires the plaintiff in an employment case alleging adverse action to identify, early in the case, "persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge." General Order 71 provides that initial discovery is subject to the supplementation requirements of Federal Rule of Civil Procedure 26(e). Rule 26 of the Federal Rules of Civil Procedure requires each party to supplement or correct its initial disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A). "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or

to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting nondisclosure is harmless if it does not prejudice the other party).  To determine whether the untimely disclosure was substantially justified or harmless, a court may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir.2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir.2003)); *see also Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 7025089, at *3 (N.D. Cal. Nov. 30, 2020) (same).

In the Joint Pretrial Statement, Plaintiff identified thirty-three witnesses.  Dkt. No. 84 at 6-7.  Defendant seeks to exclude twenty of these witnesses.  Following the pretrial conference on March 16, 2021, the Court directed Defendant to confirm whether the witnesses listed in the Joint Pretrial Statement were disclosed after October 7, 2019, the close of fact discovery.  *See* Dkt. No. 27 (Order Amending Scheduling Order).  Defendant confirms that eighteen of the twenty witnesses "were not identified in Plaintiff's initial disclosures or in Plaintiff's responses to Defendant's interrogatories."  Dkt. No. 87 ("Reply") at 2.  These witnesses include:  Jagdeep S. Varaich, Patricia J. Redden, Daniel Sekera, John Hufancia, Michelle, Angela Daccardo, Steven Washburn, Amber, Rodney, Dr. Ellis, Stefanie Kalin, Beatriz Lopez, Andrew Smith, Mary Hopkins, Bobbi Riley, Maria Lane, Frank Canaletto, and Riley.[1]  *Id.*

Plaintiff does not argue that her failure to timely identify these witnesses as required was substantially justified.  Instead, Plaintiff seemingly argues that her failure to timely disclose the witnesses was harmless, because Plaintiff identified certain witnesses in some fashion prior to listing them in her pretrial witness list.  Specifically, Plaintiff notes that she shared a witness list

---

[1] Plaintiff notes that Bobbi Riley and Riley are the same person. Dkt. No. 85-1 (Opp.) at 1 n.1.

with Defendant in a February 19, 2020 email that included some of these witnesses, and further notes that she submitted declarations for five of these witnesses in her opposition to summary judgment in December, 2019.  Dkt. No. 85-1 (Opp.). at 1; *see also* Dkt. No. 37 (Declaration of Kyung Sook Jones in Opposition to Motion for Summary Judgment).  But with respect to the emailed list of witnesses, even Plaintiff acknowledges that "[f]ollow-up action was not taken as . . . the expectation was that both parties could come to a settlement agreement." *Id.*

Plaintiff effectively concedes that these witnesses were not listed in her initial disclosures or interrogatory responses, or otherwise identified until after the close of discovery.  *See generally id.*  Defendant notes that inclusion of these witnesses would "significantly disrupt[] Defendant's trial planning," as it would need to depose these witnesses and amend its pretrial submissions.  Mot. at 3.  The Court agrees that Defendant was deprived of the opportunity to conduct discovery regarding these witnesses before the discovery cutoff, and that it would be infeasible to reopen discovery now with trial in a case that has been pending since 2018 set to begin in a few days.  The failure to disclose thus was inherently prejudicial.  *See Yeti*, 259 F.3d at 1107 (finding prejudice where plaintiffs received an expert report one month prior to trial and would need to depose the expert and prepare to question him at trial).

The Court thus **GRANTS** Defendant's request to exclude the eighteen witnesses listed on the second page of this order.[2]

**IT IS SO ORDERED.**

Dated:  3/25/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] As to Defendant's request to exclude Lawrence E. LaCroix and Mike Hetticher, these individuals were not included in Plaintiff's witness list in the Joint Pretrial Statement, which the Court takes to mean that Plaintiff no longer intends to call them.  *See* Dkt. No. 84 at 6-7.  Because Plaintiff is not offering these witnesses, the Court **DENIES AS MOOT** the request to exclude Lawrence E. LaCroix and Mike Hetticher.